UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

October 14, 2015

MEMO TO COUNSEL RE:  Sherial Flamer v. Maxim Healthcare Services, Inc.
Civil No. JFM-15-2070

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendant's motion to dismiss plaintiff's [original] complaint.  The motion (document 13) is granted.  However, because plaintiff has filed an amended complaint adding a second count in which she states individual claims only under the Fair Labor Standards Act, this action will not be dismissed in its entirety.

The claim stated in the original complaint (and in Count I of the amended complaint) is a class claim under the Maryland Wage and Hour Law and the Maryland Wage Payment and Collection Law.  Defendant has its principal place of business in Maryland.  Plaintiff, however, was not employed in Maryland but in Delaware.

Maryland has articulated a strong public policy favoring the payment of overtime to Maryland citizens who work in Maryland.  There is no indication, however, that the policy extends to non-Maryland citizens who do not work in Maryland.  Plaintiff's reliance upon *Cunningham v. Feinberg*, 107 A.3d 1194, 1197-98 (Md. 2015) is misplaced because the plaintiff in that case worked, at least part of the time, in Maryland.  Moreover, there is a difficult constitutional issue (relating to the "dormant commerce clause") that would be presented if Maryland law were extended to workers in states and commonwealths other than Maryland.  There is no indication that the Maryland General Assembly ever considered this issue as would have been necessary if it intended to give extra-territorial jurisdictional effect to a statute it enacted.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge