IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| **LUCILLE BANKS,** | : |
| Plaintiff, | : CIVIL ACTION NO.: 1:15-cv-1508 |
| v. | : HON. FREDERICK MOTZ |
| **MAXIM HEALTHCARE SERVICES, INC.** | : |
| Defendant. | : |

*This documents relates to all Maxim Healthcare Services, Inc. cases*

### [PROPOSED] JOINT BELLWETHER TRIAL PLAN STIPULATION AND ORDER

**WHEREAS**, there are currently 156 pending cases, which involve wage and hour claims brought by current and former Home Health Aides against Maxim Healthcare Services, Inc;

**WHEREAS**, in an effort to efficiently resolve these actions, the Parties have discussed a case management plan consistent with Fed. R. Civ. P 1 and sound case management principles that avoids excessive time and expense, while also providing the parties the discovery and information necessary to evaluate their respective positions as to liability, trial and settlement;

**WHEREAS**, the parties have reached agreement on a case management plan that involves a bellwether trial plan and now jointly stipulate to entry of this stipulate order for the following bellwether trial plan.

1. The purpose of the Bellwether Trial Plan is to select a number of cases that will be worked up for trial and ultimately provide guidance to the Parties as to the relative strengths and weakness of the Plaintiffs' claims. This Order shall apply to all related cases pending before the Court.

2. <u>Case Pool</u>: The Parties shall identify a sample bellwether case pool ("Case Pool") starting with eight (8) sample cases and two alternates (a total of ten (10) sample cases). To determine which cases are included in the Case Pool, each side will first select twenty (20) cases. Any overlapping cases (*i.e.*, those selected by both Parties) will be eligible for inclusion in the Case Pool. In the event that there are not enough overlapping cases to create the Case pool, each Party will select five (5) additional cases until ten (10) overlapping cases have been identified. From the overlapping cases, each party will select one (1) case as their alternate in the event that their selected bellwether cases resolves prior to judgment. The remaining cases will be stayed.

The cases in the Case Pool will proceed to conclusion, whether through summary judgment, trial, withdrawal or settlement. In the event that a case is voluntarily dismissed by a Plaintiff, Defendant will select a case to replace it pursuant to the following selection process and order until a viable trial case is secured: first from the list of overlapping cases; and if none are available then from among any of the cases each side first selected from the pending cases. In the event of settlement, the Party that selected the case shall select its replacement using the same process as above.

After selection of the Case Pool, the Parties will file with the Court a Joint Motion to approve the proposed Case Pool and will request a scheduling conference with the Court to occur within 30 days after the date of the filing.

3. <u>Case-Specific Discovery</u>: The Parties recommend a discovery cut-off date of February 28, 2017. The Parties will attempt to reduce duplicative discovery across the Case Pool and will make efforts to limit the production of common documents to only one production and to take only one set of Rule 30(b)(6) depositions for topics that cover all cases. Case-specific discovery on cases selected for the Case Pool will be permitted, with discovery in each case being governed by the Federal Rules of Civil Procedure, the local rules of this Court, and any further discovery Order(s) of this Court. The

Parties may serve written discovery on all Case Pool Plaintiffs and Defendant. Plaintiffs may take no more than three (3) depositions of Defendant in each Case Pool case, which may include, but are not limited to, executives, regional managers, direct supervisors, and Human Resources personnel. Defendant may take up to three (3) depositions, including the deposition of the Plaintiff.

    4.    <u>Dispositive Motions and Trial Schedule</u>:  Upon completion of discovery the parties will so notify the Court so that a Scheduling Order can be entered.  The order in which the cases proceed to trial will be determined at random by the Court and set forth in its Scheduling Order. The Scheduling Order shall govern all trial-related obligations, including: motions *in limine*, in accordance with local practice; the sequence of filing of summary judgment motions; and the scheduling of trial.

The bellwether trials will be before a jury and the outcome of each bellwether trial will not have preclusive or inferential effect beyond the individual case being tried; nor will the outcome of any bellwether trial or matter be considered or advanced as evidence or for any other reason in any other case.

    5.    <u>Mediation</u>:  The parties will attempt to mediate following completion of the trials in the initial Case Pool.

**SO ORDERED.**

Dated:_____, 2016        _____
                                                                 DISTRICT COURT JUDGE

**STIPULATED FOR ENTRY BY THE PARTIES**

| | |
|---|---|
| Dated: April 26, 2016 | Respectfully submitted, |
| /s/ Jason J. Thompson | /s/ William E. Grob |
| Jason J. Thompson (MD Bar No. 13428) | William E. Grob |
| Neil B. Pioch (MD Bar No. 13488) | **OGLETREE, DEAKINS, NASH, SMOAK** |
| **SOMMERS SCHWARTZ, P.C.** | **& STEWART, P.C.** |
| One Towne Square, Suite 1700 | 100 North Tampa Street, Suite 3600 |
| Southfield, MI 48076 | Tampa, FL 33602 |
| Telephone: (248) 355-0300 | Telephone: (813) 289-1247 |
| jthompson@sommerspc.com | William.grob@ogletreedeakins.com |
| npioch@sommerspc.com | |
| | |
| G. Tony Atwal (MD Bar No. 13574) | /s/ Lincoln O. Bisbee |
| Timothy J. Becker (Admitted Pro Hac Vice) | Lincoln O. Bisbee |
| **JOHNSON BECKER, PLLC** | Fed. Bar Number 28953 |
| 33 South Sixth Street, Suite 4530 | **MORGAN LEWIS & BOCKIUS, LLP** |
| Minneapolis, MN 55402 | 1111 Pennsylvania Avenue, NW |
| Telephone: (612) 436-1800 | Washington, DC 20005 |
| tatwal@johnsonbecker.com | Telephone: (202) 739-3000 |
| tbecker@johnsonbecker.com | Lincoln.bisbee@morganlewis.com |
| | |
| Robert E. DeRose (MD Bar No. 803618) | Thomas F. Hurka |
| Robi J. Baishnab (MD Bar No. 13913) | **MORGAN LEWIS & BOCKIUS, LLP** |
| **BARKAN MEIZLISH HANDELMAN** | 77 W. Wacker Dr., Suite 500 |
| **GOODIN DEROSE WENTZ, LLP** | Chicago, IL 60601 |
| 250 E. Broad St., 10th Floor | Telephone: (312) 324-1000 |
| Columbus, Ohio 43215 | thomas.hurka@morganlewis.com |
| Telephone: (614) 221-4221 | |
| bderose@barkanmeizlish.com | |
| rbaishnab@barkanmeizlish.com | |
| | Robert R. Niccolini |
| | Maryland Bar Number 24873 |
| Carlos Leach *(Pro Hoc Vice Anticipated)* | OGLETREE, DEAKINS, NASH, SMOAK |
| **MORGAN & MORGAN, P.A.** | & Stewart, P.C. |
| 20 North Orange Avenue, Suite 1400 | 1909 K Street, N.W., Suite 1000 |
| Orlando, FL 32802 | Washington, DC 20006 |
| Telephone: (407) 420-1414 | Telephone: (202) 877-0855 |
| CLeach@forthepeople.com | robert.niccolini@ogletreedeakins.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |